

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Personnel Law Group
Received (028)

JUL 23 2018

Department of Veterans Affairs

Scott McCray, a/k/a
Gerard M,[1]
Complainant,

v.

Peter O'Rourke,
Acting Secretary,
Department of Veterans Affairs,
Agency.

Request No. 0520180312

Appeal No. 0120150491

Agency No. 200J06952013104083

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 0120150491 (February 21, 2018). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

Complainant was a Social Science Program Specialist at the Agency's facility in Milwaukee, Wisconsin. Complainant filed an EEO complaint alleging that the Agency discriminated against him on the bases of race (African American), sex (male), disability, and reprisal when (1) on July 24, 2013, management did not promote him, noncompetively, to the position of Program Specialist, GS-12; (2) in October 2013, management issued him a "fully successful" performance rating; (3) on October 11 and 25, 2013, management denied him a reassignment; (4) on October 18, 2013, management denied him the opportunity to compete for promotion when the position of Coordinator, GS-12, was announced; (5) in November 2013, management did not grant him a performance award; (6) from November 2012 through June 19, 2013, management failed to

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.



EXHIBIT 1

provide him with a reasonable accommodation when they delayed acting on his request for a new van; (7) on November 22, 2013, management failed to provide him with a reasonable accommodation when his request for a change in work station was denied; and (8) from November 2012 through November 2013, management subjected him to a hostile work environment.

Complainant did not request a hearing. Our prior appellate decision affirmed the Agency's final decision that concluded that Complainant failed to prove that the Agency subjected him to discrimination as alleged, but also found that in claim 1 Complainant was alleging a breach of a settlement agreement. That claim was remanded as an allegation of breach.

In his request for reconsideration, Complainant expresses his disagreement with the previous decision but states he is not challenging the findings with respect to claim 1 and claim 5. He makes some of the same arguments he has made previously regarding the remaining claims. We emphasize that a request for reconsideration is not a second appeal to the Commission. See EEO MD-110, Ch. 9, § VII.A. Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 0120150491 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request. The Agency shall comply with the order as set forth below.

## ORDER

If it has not already done so, within 30 days of the date this decision is issued the Agency shall process claim 1 of this complaint as a breach of settlement claim pursuant to 29 C.F.R. § 1614.504. The Agency shall acknowledge to Complainant that it has received the remanded claims within 30 days of the date this decision is issued. A copy of the Agency's letter of acknowledgement to Complainant and a copy of the Agency's decision on the breach claim must be sent to the Compliance Officer as referenced herein.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0618)

Under 29 C.F.R. § 1614.405(c) and § 1614.502, compliance with the Commission's corrective action is mandatory. Within seven (7) calendar days of the completion of each ordered corrective action, the Agency shall submit via the Federal Sector EEO Portal (FedSEP) supporting documents in the digital format required by the Commission, referencing the compliance docket number under which compliance was being monitored. Once all compliance is complete, the Agency shall submit via FedSEP a final compliance report in the digital format

required by the Commission. See 29 C.F.R. § 1614.403(g). The Agency's final report must contain supporting documentation when previously not uploaded, and the Agency must send a copy of all submissions to the Complainant and his/her representative.

If the Agency does not comply with the Commission's order, the Complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The Complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the Complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File a Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). **If the Complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated.** See 29 C.F.R. § 1614.409.

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

JUL 1 9 2018
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Scott McCray
3005 W Capitol Dr #4
Milwaukee, WI 53216

Peter J. Fox, Esq.
735 W Wisconsin Ave 12th Flr
Milwaukee, WI 53233

Doris L. Gruntmeir
Chief Counsel, Personnel Law Group
Office of General Counsel
810 Vermont Ave., N.W.
Washington, DC 20420

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC 20420

JUL 19 2018
Date

Compliance and Control Division