# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SCOTT MCCRAY,**

    Plaintiff,

  v.                                   Case No. 18-cv-1637

**SECRETARY ROBERT WILKIE,**

    Defendant.

## DECISION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

Scott McCray filed this employment discrimination action with the assistance of counsel on October 15, 2018, naming Robert Wilkie, the Secretary of the Department of Veterans Affairs, as defendant. He alleges that Robert Wilkie, as the designated representative of the Department of Veteran Affairs, acted without regard to his rights as guaranteed under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964, by discriminating against him based on disability, sex, and race. Furthermore, Mr. McCray claims that he was retaliated against based on his complaints regarding discrimination. *See* Complaint 15, ECF No. 1.

Robert Wilkie has moved to dismiss all of Mr. McCray's discrimination and retaliation claims, arguing that he failed to exhaust his administrative remedies on one claim and that he failed to allege facts sufficient to establish the essential elements of a claim under the Rehabilitation Act or Title VII for the remaining

claims. *See* Defendant's Reply Brief in Support of Motion to Dismiss 1-2, ECF No. 20. Mr. McCray maintains that he has exhausted his administrative remedies and that he has plead enough facts supporting his claims to survive a motion to dismiss. *See generally* Plaintiff's Brief in Opposition, ECF No. 19. For the reasons that follow, the Court will grant Mr. Wilkie's motion to dismiss, and this action will be dismissed in its entirety.

## I. Factual Background

The Court takes the following facts from Mr. McCray's complaint, accepts them as true, and draws all reasonable inferences in his favor. *See Brumfield v. City of Chi.*, 735 F.3d 619, 622 (7th Cir. 2013). Scott McCray is a current employee of the Department of Veterans Affairs (VA) where he works as a Social Science Program Specialist and Mental Health Case Manager. Compl. ¶ 4. The VA is a federal agency covered by the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964. *Id.* at ¶¶ 6-7. Through his role as Mental Health Case Manager, Mr. McCray, among other things, provides case management for veterans with severe mental illness; provides support with applications; does in-home visits; and provides transportation for clinical appointments. *See Id.* at ¶ 19.

From September 9, 1981, through January 18, 1990, Mr. McCray served in the Army on active duty and obtained the rank of Sergeant prior to his discharge. Compl. ¶11. As a result of his military duty, Mr. McCray sustained physical injuries to both of his big toes, both ankles, his knees, his lower back, and both shoulders. He also sustained mental injuries and has been diagnosed with an adjustment disorder with depressed moods. *Id.* at ¶ 13. At the time of his hire at the VA, Mr.

2

McCray was classified as a disabled veteran rated at thirty percent disabled. *Id*. at ¶ 10. As of February 2013, Mr. McCray's disability rating was 100 percent. *Id*. at ¶13.

In December 2010, Dr. Erin Williams interviewed for the Program Manager position at the VA. Compl. ¶ 20. Mr. McCray was on the interview committee and participated in the decision to hire her into the position as his supervisor. *Id*. In one of the first department meetings with Williams as Program Manager, Williams looked at Mr. McCray and told him that she did not trust his eyes. *Id*. at ¶ 22. She then proceeded to grab her sweater and pull it tight around her front. *Id*. Williams is a white female. *Id*. at ¶ 21.

About six months after Williams became Mr. McCray's supervisor, she required him to undergo a peer review because a veteran on Mr. McCray's caseload died while Mr. McCray was on vacation. *Id*. at ¶ 24. A peer review is a review of the paperwork about a particular patient by another peer. *Id*. at ¶ 26. Instead of being conducted by another mental health case manager, Mr. McCray's peer review was conducted by the VA Homeless Veterans Program. *Id*. at 26-27. The review suggested that Mr. McCray's care of the veteran was inappropriate because the veteran should have been relocated from his housing prior to his death. *See Id*. at ¶ 27.

Ultimately, Mr. McCray was absolved of any wrong-doing in the veteran's death because the veteran had overdosed instead of dying from the heat in his home. *See Id*. ¶ 28. Subsequently, Mr. McCray filed an equal employment opportunity (EEO) complaint because "previously when other veterans had died in their homes, his

3

non-African-American co-workers were not subjected to a peer review." *Id*. Mr. McCray identified Williams as the Responding Management Official who was responsible for the alleged discrimination against him. *Id*. at ¶ 31.

As part of the settlement of his first EEO complaint, Mr. McCray was promised a promotion to a position at a GS-12 level by Mental Health Division Manager Dr. Gibson, who charged Williams with the responsibility for making sure Mr. McCray got the promotion. Compl. ¶¶ 32-33. After Dr. Gibson retired, Williams conveyed to Mr. McCray that in order to get the promotion approved, she had to work with Human Resources to get his position description updated. *Id*. at ¶¶34-5. Williams later told Mr. McCray that she was having problems with the promotion, prompting Mr. McCray to request a meeting with the head of Human Resources. *See Id*. at ¶ 38.

In May 2013, Mr. McCray attended a meeting with Williams and Human Resources personnel where he learned that Williams did not update or change his position description in any way before submitting it to Human Resources. *See Id*. at ¶¶ 39-43. Based on the position description that Williams submitted, Human Resources determined that Mr. McCray did not perform work at a GS-12 level and was not eligible for the position. *See Id*. at 44-47.

On July 12, 2012, Mr. McCray made his first request for a reasonable accommodation for his disabilities. He verbally requested a reasonable accommodation from Williams relating to the van he was required to drive because the van was hurting his left knee, which had service-connected disability rating. Compl. ¶ 50. Mr. McCray was referred to the ergonomics department. The following

month, Mr. McCray got an appointment set up with an ergonomics specialist to evaluate the van. On October 19, 2012, the ergonomics specialist assessed that the "knot" on Mr. McCray's left knee seemed to be caused by the lack of leg room. *Id.* at ¶ 53.

On December 12, 2012, Mr. McCray was offered a replacement van, which he indicates was worse than the original as it had a cracked windshield, no back brakes, and was too small. *See Id.* at ¶57. Mr. McCray repeatedly asked Williams when he would get a better van, but it wasn't until June 19, 2013, nineteen days after he told Williams that he was going to file an EEO complaint about the situation, that he got a safe replacement van. *See Id.* at ¶ ¶ 59-60.

Mr. McCray filed his second EEO complaint on August 6, 2013, based on the failure to promote to a GS-12 grade level and the failure to accommodate his disabilities by supplying him with a better van. Complaint ¶ 62. On September 6, 2013, the same day Williams was notified that Mr. McCray filed a complaint, Mr. McCray had an interaction with a peer counselor who took Mr. McCray's instructions as "threatening" and reported it to Williams. *See Id.* at ¶¶ 63-6. Williams contacted Mr. McCray to "get to the bottom of" what Mr. McCray said to the peer counselor. *Id.* at ¶68. In the course of the conversation, Williams called Mr. McCray "defensive and loud" in reference to his sonorous voice, and proceeded to yell at him. *See Id.* at ¶¶ 70-4.

Although Mr. McCray was never disciplined for the incident with the peer counselor, he learned that he received a reduction in his performance evaluation from "outstanding" to "excellent" based on that incident and one other in which a

white female claimed that he was being disruptive by being loud in the hallway. Compl. ¶ 77. For three years prior, Mr. McCray had received an "outstanding" rating in his performance evaluation. *Id.* at ¶ 75. Mr. McCray was never told that the incidents would impact his performance evaluation. *See Id.* at ¶ 78.

Finally, on October 11, 2013, Mr. McCray asked for a reassignment as a reasonable accommodation for his disabilities. Compl. ¶ 79. Mr. McCray had a series of panic attacks at work and was subsequently authorized to take thirty days leave of absence. *Id.* at ¶ 81. On November 22, 2013, Mr. McCray was informed that the VA was unable to find him a reassignment, to which Mr. McCray responded that he wanted his office moved as a reasonable accommodation. Mr. McCray's request was denied. *See Id.* at 81-4.

## II. Procedural Background

Mr. McCray filed the present action on October 15, 2018. The matter was randomly assigned to this Court, and all parties consented to magistrate judge jurisdiction. *See* Consent to Proceed Before a Magistrate Judge, ECF Nos. 4 & 7 (citing 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b)).

Mr. McCray states one cause of action in his complaint: the VA acted without regard to his rights as guaranteed under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964 by discriminating against him based on disability, race, and sex. Compl. ¶ 87. On February 26, 2019, Defendant filed a motion to dismiss. ECF No. 16. The motion is now fully briefed and ready for disposition. *See* Brief in Support, ECF No. 17; Brief in Opposition, ECF No. 19;

Reply Brief, ECF No. 20; *see also* Motion to strike facts in Reply Brief, ECF No. 22; and Response to Motion to strike facts, ECF. No. 23.

III. **Motion to Dismiss Standard**

Defendant Robert Wilkie brings his motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to "challenge the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 634–35 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim satisfies this pleading standard when its factual allegations 'raise a right to relief above the speculative level.'" *Zemeckis*, 679 F.3d at 635 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). When analyzing a motion to dismiss pursuant to Rule 12(b)(6), courts must "take the facts from the complaint, accept them as true, and draw reasonable inferences in favor of the plaintiffs." *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 908 (7th Cir. 2013). "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

IV. **Discussion**

In his brief in opposition to Defendant's motion to dismiss, Mr. McCray clarifies that he is alleging four claims in support of his employment discrimination action: (1) the VA failed to accommodate his disability when he requested a new van; (2) the VA failed to accommodate his disability when it refused to reassign him

7

or move his office; (3) the VA retaliated against him when it lowered his performance evaluation; and (4) the VA's failure to promote him was the result of discrimination. *See* Br. in Opposition 6-10; *see also* Def.'s Reply Br. 1. The Defendant argues that Mr. McCray's claim regarding not being promoted should be dismissed for failure to exhaust administrative remedies and that Mr. McCray's remaining allegations do not state viable claims for relief.

## V. Analysis

### 1. Failure to Exhaust

"Generally, 'a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge.'" *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). "This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion and of giving the employee some warning of the conduct about which the employee is aggrieved." *Cheek*, 31 F.3d at 500 (citations omitted). Requiring Title VII plaintiffs to exhaust their administrative remedies is therefore a condition precedent to filing a federal lawsuit. *Cheek*, 31 F.3d at 500 (citing *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985)).

Mr. McCray filed an EEO complaint on November 21, 2013, alleging, among other things, that the VA discriminated against him on the basis of his race, sex, and disability when management did not promote him to the position of GS-12. ECF No. 18-3:1. After the Agency issued a final decision regarding Mr. McCray's EEO complaint, finding no discrimination or retaliation, Mr. McCray subsequently

appealed that decision to the United States Equal Employment Opportunity Commission (EEOC). Kaiser Declaration ¶ 5, ECF No. 18:1. In its February 21, 2018, decision, the EEOC found that Mr. McCray's failure to promote claim was actually a breach of settlement claim and that the Agency should have addressed it as such. *See* ECF No. 18-3:2. The EEOC therefore remanded Mr. McCray's claim back to the Agency. *Id*. at 2.

Defendant argues that because Mr. McCray did not challenge the EEOC's construction of his claim as a breach of settlement agreement claim and the Agency's decision on remand concerned only a breach of settlement claim, Mr. McCray therefore abandoned his failure to promote claim at the administrative level. Having abandoned his discriminatory or retaliatory failure to promote claim during administrative proceedings, Defendant argues that Mr. McCray cannot revive it in this lawsuit. *See* Def.'s Br. 6; *see also Smeltzer v. Potter*, No. 10-cv-00178, 2010 WL 4818542, at *3 (W.D.N.C. Nov. 22, 2010) ("When a plaintiff waives or abandons a claim at the administrative level, the plaintiff effectively fails to exhaust the claims to permit district court review").

In response, Mr. McCray insists that he never abandoned his claim that the VA's failure to promote him was the result of discrimination or retaliation. *See* Pl.'s Br. in Opposition 9. He argues that because the EEOC decision plainly stated that he had the right to file a civil action on that portion of the complaint which has been remanded for continued administrative processing, it does not matter that the EEOC concluded that McCray's failure to promote claim was a breach of contract

9

claim. *See* Pl.'s Br. in Opposition 10; *see also* ECF No. 18-3:6. The administrative record belies Mr. McCray's argument.

While it is true that the February 21, 2018, EEOC decision gave Mr. McCray the right to file a civil lawsuit on the remanded portion of his complaint, the decision also made clear that the claim that was being remanded was a breach of settlement agreement claim, not a discrimination or retaliation claim. *See* ECF No. 18-3:2-3. Specifically, the EEOC stated that with respect to Mr. McCray's failure to promote claim, they found that he was "alleging breach of a settlement agreement" and that the claim shall be remanded for "investigation into the allegation of breach." *See* ECF No. 18-3:2-3. Moreover, in its subsequent July 2018 decision denying Mr. McCray's request for reconsideration, the EEOC explicitly stated that Mr. McCray's failure to promote claim was remanded as an allegation of breach. ECF No. 21-1:2.[1]

Further, the EEOC reconsideration decision noted that in his request for reconsideration, Mr. McCray stated that he was not challenging the findings with respect to his failure to promote claim. *See* ECF No. 21-1:2. Thus, the record demonstrates that Mr. McCray did not challenge the EEOC's determination that he was alleging a breach of settlement claim rather than a discriminatory failure to promote claim. As such, Mr. McCray is deemed to have abandoned his failure to

---

[1] In his Motion to Strike, Mr. McCray argues that Defendant waived its ability to argue that the July 23, 2018, decision by the EEOC was relevant to whether Mr. McCray had exhausted his administrative remedies by not raising it in its initial brief. However, Mr. McCray's motion is without merit as courts are allowed to take judicial notice of records in an administrative proceeding. *See Davis v. Potter*, 301 F. Supp. 2d 850, 856 (N.D. Ill. 2004).

promote claim at the administrative level, precluding this Court from review of that claim.

## 2. Failure to state a claim

Defendant next argues that Mr. McCray's remaining claims—that (1) the VA failed to accommodate his disability when he requested a new van; (2) the VA failed to accommodate his disability when it refused to reassign him or move his office; and (3) the VA retaliated against him when it lowered his performance evaluation—all fail to state claims upon which relief can be granted. *See* Def.'s Br. 4. Defendant contends that Mr. McCray fails to allege facts to support the essential elements of his claims; includes allegations that foreclose his recovery; and fails to specify the precise type of discrimination he is alleging, all of which are grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *Id*. at 5. Mr. McCray argues that he has alleged enough facts to survive a motion to dismiss because the bare facts, describing what, whom, and when, are all that are necessary at the pleading stage. *See* Pl.'s Br. in Opposition 6-7.

*Failure to accommodate*. The Rehabilitation Act of 1973 provides that no otherwise qualified individual with a disability shall, solely by reason of his or her disability, be subjected to discrimination under any program receiving Federal financial assistance. *See* 29 U.S.C. § 794(a). Like the Americans with Disabilities Act, the Rehabilitation Act defines the term "discriminate against a qualified individual on the basis of disability" to include "failing to make 'reasonable accommodations to the known physical or mental limitations of an otherwise

11

qualified individual with a disability who is an . . . employee.'" *See Brumfield*, 735 F.3d at 630 (quoting 42. U.S.C. § 12112(b)(5)(A)).

Mr. McCray first alleges that the VA violated the Rehabilitation Act when it failed to provide reasonable accommodations for his disability when he requested a new van. Under the Rehabilitation Act, a failure to accommodate includes the following elements: "(1) the plaintiff must be a qualified individual with a disability; (2) the employer must be aware of the plaintiff's disability; and (3) the employer must have failed to reasonably accommodate the disability." *See Brumfield*, 735 F.3d at 631. The Defendant argues that Mr. McCray failed provide sufficient factual allegations to establish that each of these elements is present. *See* Def.'s Br. 12; *See also Riley v. Vilsack*, 665 F. Supp. 2d 994 (W.D. Wis. 2009) (stating that "a plaintiff must include some allegations about each element, or at least allegations from which a court can draw reasonable inferences about each of the elements")(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court agrees.

In support of his first failure to accommodate claim, Mr. McCray states the following: in July 2012 he verbally requested a reasonable accommodation from Williams related to the van he was required to drive because the van was hurting his left knee, which had service-connected disability; he was referred to the ergonomics department which determined that the pain in his knee was caused by the lack of leg room; in December 2012 he was offered a replacement van that was worse; and on June 19, 2013, nineteen days after he told Williams that he was going to file an EEO Complaint alleging failure to accommodate, he received a safe replacement van. *See* Compl. ¶¶ 50-60.

12

While Mr. McCray may have alleged sufficient facts to support the first two elements of a failure to accommodate claim, allegations to support the third element are missing from the complaint. In fact, Mr. McCray's allegations specifically establish that he received the accommodation that he requested, which contradicts his claim that the VA failed to accommodate him. As Defendant points out, the only reasonable reference to be drawn from Mr. McCray's allegations is that he requested a new van to accommodate his knee disability and the VA provided one. *See* Def.'s Reply Br. 6. Mr. McCray failed to allege sufficient facts to support this failure to accommodate claim.

Mr. McCray also alleges that the VA failed to accommodate his disability when it refused to reassign him or move his office. This claim also fails to state a viable claim for relief. According to the complaint, in October 2013, Mr. McCray asked for a reassignment as a reasonable accommodation for his disabilities as he was finding it too difficult to work in an environment where he was subjected to discrimination and retaliation for filing complaints about discrimination. Compl. ¶ 79. Mr. McCray had two panic attacks at work and his treating practitioners authorized him to take thirty days leave. *Id.* at ¶ 81. In November 2013, Mr. McCray ran into his supervisor, who told him that the VA was unable to find him a reassignment. *Id.* at ¶ 82. Mr. McCray responded that he could manage without a reassignment but that he wanted his office moved as a reasonable accommodation. *Id.* at ¶ 83. Mr. McCray's supervisor called to tell him that they could not move his office. *Id.* at ¶ 84. In March 2014, a white, female co-worker had her office moved due to a medical condition. *Id.* at ¶85.

Defendant argues, and the Court agrees, that Mr. McCray's allegation that he requested a "reasonable accommodation" is a legal conclusion not entitled to a presumption of truth. Def.'s Reply Br. 10. Under the Rehabilitation Act, a reasonable accommodation means modifications or adjustments to the work environment "that enable an individual with a disability who is qualified to perform the essential functions of that position." *See* 29 C.F.R. § 1630.2(o)(1)-(2). None of Mr. McCray's allegations support a reasonable inference that he needed to move offices in order to perform the essential functions of his position. Thus, it follows that the VA's denial of his request does not equate to an actionable failure to accommodate claim.

*Retaliation.* Lastly, Mr. McCray argues that the VA retaliated against him in violation of Title VII when he was provided an "excellent" rather than "outstanding" rating on his performance evaluation. To prevail on a retaliation claim, a plaintiff must show that "[he] opposed an unlawful employment practice under Title VII, that [he] was the object of an adverse employment action, and that the adverse action was caused by [his] opposition to the unlawful employment practice." *Longstreet v. Ill. Dep't of Corr.*, 276 F.3d 379 (7th Cir. 2002).

In his complaint, Mr. McCray states that for the September 30, 2012, through October 1, 2013, period, he received a performance evaluation that was lower than his evaluation for the previous three years. Compl. ¶ 75. He further claims that he later learned that the reason for his reduction was based on two incidents for which he was never disciplined. *Id.* at ¶¶ 77-8.

14

What is missing from the complaint, however, are any allegations to support a reasonable inference that Mr. McCray's receipt of an "excellent" rather than "outstanding" rating constituted an actionable adverse employment action. Indeed, in his brief in opposition Mr. McCray concedes that his complaint does not contain an allegation that a higher evaluation would have led to a higher bonus or greater opportunities for promotion. Pl.'s Br. in Opposition 8-9. Moreover, an "excellent" rather than "outstanding" performance evaluation is not a tangible job consequence and is therefore not an adverse employment action under Title VII. *See Longstreet*, 276 F.3d at 384. Thus, Mr. McCray has failed to state a viable retaliation claim pursuant to Title VII.[2]

## VI. Conclusion

Even when viewed in the light most favorable to Mr. McCray, Mr. McCray's complaint does not state a claim to relief that is plausible on its face. Accordingly, the Court will dismiss the Complaint in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 16, is **GRANTED**.

**IT IS ALSO ORDERED** that Plaintiff's Motion to Strike, ECF No. 22, is **DENIED**.

---

[2] In conceding that his complaint lacks allegations to support that he was subjected to an adverse employment action, Mr. McCray requests that the Court grant him leave to amend his complaint regarding his retaliation claim. Because amendment to Mr. McCray's complaint would be futile, the Court will deny his request. *See Gonazalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

Dated at Milwaukee, Wisconsin, this 30th day of September, 2019.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge