UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

SCOTT MCCRAY,

                Plaintiff,

                                                                    Case No. 18-cv-1637-bhl

      v.

SECRETARY ROBERT WILKIE,

                Defendant.

───────────────────────────────────────────────

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS DESIGNATIONS**

───────────────────────────────────────────────

      On July 23, 2021, Defendant filed a motion to strike Plaintiff's expert witness designations. ECF No. 63. Defendant argues that Plaintiff's attempt to designate three current Veterans Administration Medical Center ("VAMC") employees as expert witnesses is improper. ECF No. 64 at 1. These three individuals are: Plaintiff Scott McCray; Dr. Christina Orr, a physical therapist in the VAMC's ergonomics section; and Dr. Daniel Jurczyk, a psychiatry resident who treated Plaintiff McCray for mental health issues. *Id.* Defendant contends that federal law precludes these employees from providing expert testimony without the authorization of the Department of Veterans Affairs ("VA"), and that this authorization has not been provided. *Id.* at 1-3. Defendant further contends that neither Orr nor Jurczyk has agreed to provide expert testimony for Plaintiff. *Id.* at 1, 3. Plaintiff has not filed a timely opposition.

      As current VA employees, all three individuals are subject to restrictions regarding the provision of expert testimony, pursuant to the Code of Federal Regulations. *See* 5 C.F.R. § 2635.805 ("An employee shall not serve, other than on behalf of the United States, as an expert witness, with or without compensation, in any proceeding before a court or agency of the United States in which the United States is a party or has a direct and substantial interest, unless the employee's participation is authorized by the agency[.]"); 38 C.F.R. § 14.808 ("VA personnel shall not provide, with or without compensation, opinion or expert testimony in any legal

proceedings concerning official VA information, subjects or activities, except on behalf of the United States or a party represented by the United States Department of Justice.").

Violation of these regulations is not without consequences. Federal employees who choose to provide expert testimony without authorization from the federal government may be prosecuted under the Ethics in Government Act, 18 U.S.C. Section 207. *See Young v. United States*, 181 F.R.D. 344, 347-48 (W.D. Texas 1997) ("Testimony contrary to the provisions of 5 C.F.R. § 2635.805 invites criminal prosecution for a violation of the Ethics In Government Act, 18 U.S.C. § 207."); *Scholz v. United States*, No. 16-CV-1052, 2018 WL 5704417, at *1 (E.D. Wis. May 2, 2018) ("Federal regulations prohibit [VA] employees from testifying as an expert, other than on behalf of the United States, in cases where the United States has an interest, absent authorization from the VA. . . . [The VA employee in this case] has not obtained the approval of the VA to testify as an expert in this matter. . . . [I]f [the VA employee] chooses to testify as an expert despite what the regulations say, she does so at her own peril."); *Ueland v. United States*, 291 F.3d 993, 999 (7th Cir. 2002) ("5 C.F.R. § 2635.805 defines the circumstances under which a federal employee . . . may be an *expert* witness as opposed to a fact witness."). Federal employees "may invoke [their] Fifth Amendment privilege against self-incrimination in order to avoid giving testimony which could subject [them] to prosecution." *Young*, 181 F.R.D. at 348.

Orr and Jurczyk do not have authorization from the VA to provide expert testimony in this case, and they do not agree to provide expert testimony. ECF No. 64 at 3. "[T]o the extent [Plaintiff] seeks to compel their expert testimony, [Orr and Jurczyk] . . . reserve the right to refuse to provide expert testimony on the grounds of [federal] regulations and the Fifth Amendment." *Id.* Accordingly, Plaintiff's designation of Orr and Jurczyk in his expert disclosures was improper and their designations are stricken.

To the extent Plaintiff seeks to treat Orr and Jurczyk as fact witnesses, he may do so. *See Young*, 181 F.R.D. at 346 ("In the absence of a statute to the contrary, a professional witness may not generally be compelled to testify as an expert at the request of a private litigant, as such testimony is a matter of contract or bargain. . . . In other words, just because a party wants to make a person work as an expert does not mean that, absent the consent of the person in question, the party generally can do so. . . . Additionally, it is a well-settled rule of law that employee-experts who acquire information for trial solely because they were actors or viewers with respect to the occurrences forming the subject matter of the lawsuit must be treated as

ordinary fact witnesses, and *not* as experts.") (citing *Karp v. Cooley*, 349 F.Supp. 827, 836-37 (S.D. Tex. 1972); Fed. R. Civ. P. 45(c)(3)(B)(ii); 97 C.J.S. *Witnesses* § 16 (1957 & Supp. 1997); *Dallas v. Marion Power Shovel Co., Inc.,* 126 F.R.D. 539, 540-41 (S.D.Ill.1989)).

Defendant questions whether a party can testify as his own expert witness. ECF No. 64 at 4, citing *Tagatz v. Marquette Univ.*, 861 F.2d 1040, 1042 (7th Cir. 1988) (discussing as an instance of first impression a case where a party had provided expert testimony on his own behalf; observing that Federal Rule of Evidence 702 does not appear to prohibit such testimony; and declining to decide the issue, since no objection regarding the issue had been made). Because it is unclear whether Plaintiff McCray will proceed with providing expert testimony, and because Defendant's memorandum in support of the motion to strike, ECF No. 64, does not focus on this argument, the Court at this time will not strike Plaintiff from his own expert witness list on the grounds that a party cannot serve as his own expert witness.

Therefore,

**IT IS HEREBY ORDERED** that the motion to strike, ECF No. 63, is **GRANTED** in part and **DENIED** in part.

Dated at Milwaukee, Wisconsin on September 7, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
